UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Denise Lyman

-against-

New York City Health and Hospitals Corporation

-----------------------------------------------------------------x

## 20-cv-4390

ECF Case

COMPLAINT

PLAINTIFF DEMANDS
A TRIAL BY JURY

## EMPLOYMENT DISCRIMINATION COMPLAINT

*[The public can access electronic files. For privacy and security reasons, papers filed with the court should therefore not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only the last four digits of a social security number, the year of an individual's birth; a minor's initials, and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2]*

**I.  PARTIES**

**A.  Plaintiff Information**

Denise Lyman
176 West 86th Street, 6C
New York, New York 10024



**B.  Defendant Information**

New York City Health and Hospitals Corporation (H+H)
125 Worth Street
New York, New York 10013

## II.          PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant is:

> New York City Health and Hospitals Corporation | Central Office
>
> 55 Water Street, 25th Floor
>
> New York, New York 10041

## III.          CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under:

| | |
|---|---|
| X | **Title VII of the Civil Rights Act of 1964**, 42, U.S.C.  2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin. The Defendant discriminated against me because of my sex. |

| | |
|---|---|
| X | **Age Discrimination in Employment Act of 1967**, 29 U.S.C. 621 to 634 for employment discrimination on the basis of age (40 or older). I was born in the year 1955. |

### B. Other Claims

In addition to my federal claims listed above, I assert claims under:

> **New York State Human Rights Law**, N.Y. Exec. Law 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status.

**New York City Human Rights Law,** N.Y. City Admin. Code 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status.

## IV.       STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this cast took the following adverse employment actions against me:

| | |
|---|---|
| X | did not hire me |
| X | terminated my employment, gender and age discrimination |
| X | provided me with terms and conditions of employment different from those of similar employees. |
| X | retaliated against me |
| X | harassed me or created a hostile work environment |
| X | other refused to re-hire me |

### B.  Facts

See attached EXHIBIT A

## V.       ADMINISTRATIVE PROCEDURES

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

X          Yes, a copy of the EEOC Charge 520-2018-0562 is attached as **EXHIBIT B.**

When did you file your charge?
I filed EEOC Charge 520-2018 on August 20, 2018.

Have you received a Notice of the Right to Sue from the EEOC?

X          Yes, a copy of the Notice of the Right to Sue is attached as **EXHIBIT C**

What is the date on the Notice of the Right to Sue?
March 3, 2020

When did you received the Notice of the Right to Sue?
March 13, 2020

## VI.       RELIEF

The relief I want the Court to Order is:

X          direct the defendant to hire me

X          direct the defendant to re-employ me

            direct the defendant to promote me

            direct the defendant to reasonably accommodate my religion

            direct the defendant to reasonably accommodate my disability

X          direct the defendant to pay monies equal to the amount of lost wages for wrongful

termination, punitive damages, and legal expenses

## VII.       PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information and belief that:

(1) the complaint is not being presented for an improper purpose

(such as to harass cause unnecessary delay, or needlessly increase

the cost of litigation;

(2) the claims are supported by existing law or by an non-frivolous

argument to change existing Law;

(3) the factual contentions have evidentiary support or, if

specifically so identified, will likely have evidentiary support and

a reasonable opportunity for further investigation or discovery; and,

(4) the complaint otherwise complies with the requirements of Federal

Rule of Civil Procedure 11.


I agree to notify the Clerk's Office in writing of any changes to my mailing address.   I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

May 27, 2020

Denise Lyman
176 West 86th Street, 6C
New York, New York  10024
(917) 743 – 0603


I have read the attached Pro-Se (Non-prisoner) Consent to Receive Documents Electronically.
I do not consent to receive documents electronically.

# Exhibit A

# IV. STATEMENT OF CLAIM, Part B. Facts

# IV.      STATEMENT OF CLAIM

## B. Facts

1/        The defendants received a copy of my EEOC complaint and retaliated against me for filing a complaint with the EEOC.  Retaliation included but were not limited to:

a/      gender and age discrimination

b/      harassment verbal abuse, physical aggression and failure/refusal to record additional complaints of said retaliatory harassment;

c/      attempts to manipulate attendance records;

d/      failure to acknowledge requests for or grant medical leave for emergency procedure, unlike similar reasonable accommodations routinely granted to younger male, and other employees and:

e/      employment termination in retaliation for my EEOC Complaint

2/        The EEOC Charge for which my employer retaliated against me included Complaints of harassment, age and gender discrimination, continued through my termination, and are included in EEOC Charge 520-2018-05627, for which I received the Notice of the Right to Sue.

3/        The EEOC provides for protection against retaliation for filing a Charge or Discrimination against an Employer.  Specific facts that support my employer retaliated against me for filing an EEOC Charge of Discrimination, include but are not limited to:

2

<u>MY EMPLOYER FAILURE TO DISCLOSE THAT THEY RECEIVED MY DECEMBER 26, 2017, EEOC CHARGE OF DISCRIMINATION, ON DECEMBER 27, 2017, AND CLAIMS THAT MY EMPLOYER WAS UNAWARE OF THE DECEMBER 26, 2017 EEOC COMPLAINT AS THEY PLANNED MY TERMINATION</u>

4/      The EEOC Charge of Discrimination that I filed with the EEOC on December 26, 2017, included gender and age discrimination associated with routine harassment and plagiarism of my work that made younger, non-qualified men appear essential, and me appear redundant. The discrimination worsened after I filed the December 26, 2017 EEOC Complaint through my termination.  My employer's received a copy of my December 26, 2017, EEOC Complaint on December 27, 2017, via email from my then attorney Richard Ross. In November 2017, Mr. Ross spoke with NYC Health and Hospitals EEOC Officer Blanche Greenfield regarding concerns of harassment and discrimination, and accommodated Greenfield's requests to postpone and/or re-scheduled conference calls.  By mid-December 2017 Ms. Greenfield was non-responsive.  On around December 26, 2017, Mr. Ross notified Ms. Greenfield of the Complaint, and the courtesy copy requested by Ms. Greenfiled was sent via email on December 27, 2017.

5/      Between August 2018 and January 2020, the EEOC requested information from my employer, and my employer continually misled the EEOC by denying they had received and/or were aware of my December 26, 2017, EEOC Charge as they began planning my termination in "mid to late January 2018"—less than two weeks after receiving the December 26, 2017 EEOC Charge.   NYC Health and Hospitals received my complaint on December 27, 2017, and as they planned my termination EEOC Officer Greenfield refused to memorialize severe harassment that occurred two days after Greenfield received my complaint.

6/        The communication between my attorney and my employer refutes my employer's claim that they did not recall receiving a copy of the EEOC Complaint until March 2018*, and affirms that my employer was fully aware of my complaint as they planned my termination.  Not only was my employer aware I had prepared the December 26, 2017 EEOC NYC Health and Hospital's EEOC Officer Blanche Greenfield that my attorney provide employer with a courtesy copy of my December 26, 2017, complaint to the EEOC, but in my employer's May 20, 2019, position statement to the EEOC, and again in their February 25, 2020, Response to Request for Additional Information my employer repeatedly falsely claims they were aware of received the December 26, 2017, EEOC Charge, as they affirm that they began planning my termination "mid to late-January 2018"- two –three weeks after they received my complaint.

7/        The suspiciously close timing between my employers receipt of my complaint, and the date my employer states they began planning my termination supports that my termination was in retaliation for my EEOC complaint, and that in their May 2019 Positions statement and in their February 25, 2020 Response to Request for Additional Information my employer intentionally, and continually misled the EEOC by continuing to denying that they were aware of the December 26, 2017 EEOC Complaint prior to March 2018 when I was terminated.   Two years after my termination NYC Health and Hospitals continues to mislead the EEOC with statements they know to be false.

8/        When pressed for additional information regarding harassment that

*my employer recounting of receipt of the December 26, 2017, is vague stated as March 2018, and within days of my termination suggesting the may have received notice after I was terminated.  A FOIA request may prove otherwise, but the email from my attorney affirms my employer was aware of the complaint and planned to fire me.
EEOC Charge, the December 27, 2017 email from my attorney responded to a request from

4

occurred in the weeks prior to my termination, NYC Health and Hospitals become even more vague on the date they actually became aware of my December 26, 2017 Charge. In January 2020, the EEOC requested additional information from my employer, and in the February 25, 2020 Response to Request for Additional Information, in order to deny responsibility for additional retaliation harassment that occurred between February 27, 2018, and March 9, 2018, NYC Health and Hospital again claimed that by March 2018, they had not received the complaint, continuing to conceal that they were aware of the December 26, 2017 Charge on December 27, 2017, and alleging that the further delay between February 27, 2018 and March 9, 2018 was caused by "the mail'. My employer argues that absent receipt of the December 26, 2017 complaint, absolves my employer of any claim of retaliation, but proof that my employer was aware of the December 26, 2017, complaint proves otherwise, and employer's effort to conceal the truth support that my termination was retaliatory. When it is established that NYC Health and Hospitals became aware of the EEOC Complaint and immediately planned my termination, it easy to conclude that my termination was retaliatory. Concealing the truth from the EEOC does not absolve my employer of retaliation.

9/            NYC Health and Hospitals was inclined to terminate me because of my December 26, 2017 EEOC Charge of Discrimination, and their attempts to disprove my termination was retaliatory have failed, as they rely on conjecture to imply my termination was fiscally based, then misled the EEOC with false statements, and misinformation regarding their failure to rehire me for nearly thirty suitable job postings that appeared in the days, weeks, and months following my termination. The mere number of suitable job postings belie my employers claim that my termination was fiscally based, and the suspicious exclusions, contradictions, cancelations and re-postings of jobs in my employer's February 2020 Response

5

to Request for Additional Information to the EEOC summary demonstrates an additional manipulation of *almost every* fact was facts required to support my employers false allegation that my termination was fiscally based. Several examples provided below illustrate how to circumvent the EEOC request for additional information my employer canceled suitable positions, claimed jobs were not available for my re-hire, then "re-posted" suitable positions after the response to the EEOC was submitted, circumventing the EEOC request for an explanation.

10/        The mere fact that 30 suitable positions appeared on my employers website immediately following my termination belies any fiscal benefit from my termination. Not one of my employers statements regarding denial of re-hire are supported by facts, and the re-appearance of canceled jobs in the weeks following my employer's February 25, 2020, Response to the EEOC supports an *excessive level of dishonesty towards the EEOC by employer.* My employer attempt to associated my termination with a fiscally based a mass reduction is patently false – multiple recruitment postings for my department were planned as I was being terminated.**

11/        My employers Response to Request for Additional Information misleads the EEOC regarding qualifications, cancelations, closures, and reporting structures to support their failure to re-hire me for nearly 30 suitable positions that appeared on the NYC Health and Hospitals website in the weeks and month that followed my termination – for which I submitted over 30 applications.

**Footnote- My employer's May 2019, Positions Statement implies my department was targeted for reductions, but facts prove otherwise. I was terminated on March 9, 2018, and on March 12, and March 16, 2018, job postings that included specific work I was developing appeared on my employer's website proving my employer was recruiting two employee to continue my work providing no cost savings to NYC Health and Hospitals. The "Central Office Managerial Reductions" list that NYC Health and Hospitals provided to the EEOC on February 25, 2020, affirms that NYC Health and Hospital employees terminated on March 9, 2018, were from or related to the elimination of Internal Audit.

## JOBS POSTED AND APPLICATIONS FOR RE-HIRE SUPPRESSED

12/          The email from my attorney confirms my employer received my December 26, 2017 Charge providing prime facie evidence that my employer planned my December 26, 2017 Charge providing prime facie evidence that my employer planned my termination in retaliation for my complaint.  To remove any doubt that employer mislead the EEOC by alleging my termination was fiscally based, the following provides information that refutes information my employer provided in order to justify denying my re-hire:

Job Posting 37022 – *Assistant* Director of Engineering –
A Position to Support my Role
Excluded from NYC Health and Hospital Summary Providing No Explanation

13/          In January 2020, the EEOC requested that NYC Health and Hospitals respond to the list of 28 suitable positions that were posted to the NYC Health and Hospitals website in the days, weeks and month following my termination.

14/          To exclude a response for half of those positions, my employer contradicted facts in their May 2019 Position Statement, and falsely alleged that a reporting structure exempt my employer from providing information of those position because they were located at NYC Health and Hospitals facilities, and completely excluding position 37022, a job I was clearly qualified to perform.

15/          Position 37022, for "Assistant Director of Engineering – Central Office", is subordinate to my role as Director of Engineering, the position I held when terminated.  It appeared on the NYC Health and Hospitals website on March 16, 2018, and included some of

my job responsibilities, and, as recruitment approvals is a long process at NYC Health and Hospitals, was approved for recruitment prior to my termination on March 9, 2018. I applied for the position in April 2018, forward a copy of my application via email to EEOC Officer Blanche Greenfield, President Mitchell Katz, Yvette Villanueva, the Vice President of Human Resources***.

16/        Position 37022 paid $105,000, my position paid $132,000, confirming my termination provided merely $27,000 savings to NYC Health and Hospitals. To circumvent the EEOC request to explain the suspiciously close timing between recruitment for position 37022, and my termination on March 9, 2018, or explain how at $27,000 salary differential between the two positions provides a fiscal benefit to NYC Health and Hospitals, my employer *simply excluded position 37022* from their summary to the EEOC.

17/        Qualifications for Position 37022 Assistant Director of Engineering, were similar to but less than qualification for the position I held as Director of Engineering, including but not limited to; Bachelor of Architecture, Associate American Institute of Architects AAIA, and 15 years' experience in the design and construction of healthcare facilities in an urban setting. I met the qualifications required for this position, and the job description for position 37022 includes some of the responsibilities I was performing when terminated. I was the oldest

***My application for position 37022 was one of three applications sent to Greenfield, Katz, and Villanueva in April 2018. EEOC Officer Blanche Greenfield had received a copy of my EEOC complaint on December 27, 2017, and was copied to emails from Human Resources regarding additional harassment on December 29, 2017, my request to document those incidents, and Ms. Villanueva was copied to emails confirming the intentional suppression of reports of "verbal abuse and physical aggression" by my supervisor.

employee and the only female Director of Engineering employed by NYC Health and Hospitals, and one of few Directors of Engineering who held had hospital experience, obtained a Bachelor of Architecture, and was an Associate Member of the American Institute of Architects.

Central Office, and Facility Based Director of Engineering -- My Employer Failed to Respond to the EEOC for Jobs I was Clearly Qualified to Perform:

18/        In January 2020, the EEOC asked NYC Health and Hospitals to respond to the list of recruitment postings and job applications which I had downloaded from the Denise Lyman) "My Application" page on the NYC Health and Hospitals website.  The list included twenty-eight job applications, most of which included work I was preforming when terminated. To exclude half of my job applications from their summary to the EEOC, my employer contradicted information they provide in their positions statement and alleged a "non-existent" reporting structure exempt my employer from participating in the recruitment of certain positions, when, in fact every position I applied for was at NYC Health and Hospitals, and included the 15 Director of Engineering positions my employer reviewed in their positions statement in May 2019.  By applying a non-existent self-serving exemption NYC Health and Hospitals failed to respond to the EEOC request to explain why I was not considered for jobs I was clearly qualified to perform, and excluded those jobs from the "Jobs Applied for by Charging Party" list they provided to the EEOC.

19/        My employers allegation that the Central Office did not have over see hiring at the facility level, is patently false and contradicts their previous statement regarding fifteen Director of Engineering positions that reported to my supervisor in the Central Office.

20/        My employers May 2019 Positions Statement explains that of the 15 Director of Engineering positions 13 were at the facility level, and 2 were at the Central Office. The position statement affirms that the Central Office oversaw recruitment regardless of where the Director of Engineering position was located.  The fact is, my supervisor in Central Office oversaw recruitment for NYC Health and Hospitals Office of Facilities Development position posting, and managed most of those positions from the Central Office.

21/        Qualifications for Director of Engineering, Construction Management, and Senior Project Manager positions at the facility level were equal to or less than qualifications for the position I held as Director of Engineering, which included but was not limited to; Bachelor of Architecture, Associate American Institute of Architects AAIA, and 15 years' experience in the design and construction of healthcare facilities in an urban setting.  I met the qualifications required for multiple positions (Appendix A) and the job descriptions for each of these positions included some of the responsibilities I was performing and/or oversaw from the Central Office for the facilities (Local Law 11 and Elevator Maintenance Compliance, Construction Management...., for Elmhurst, Queens Hospital, Harlem Hospital...) when I terminated.  I was the oldest employee and the only female Director of Engineering employed by NYC Health and Hospitals, and one of few NYC Health and Hospitals system wide Directors of Engineering who met the had hospital experience requirement, held a Bachelor of Architecture, and was an Associate Member of the American Institute of Architects.

22/        By excluding the "37022 -Assistant Director of Engineering" and facility based Director of Engineering, and other jobs whose recruitment the Central Office oversaw, my

employer circumvented the EEOC's request for additional information regarding multiple recruitment postings that appeared in the days following my termination and belie my employers claim that my termination was fiscally based.

<u>To Circumvent Responding to the EEOC for Jobs I Am Qualified to Perform, NYC Health and Hospitals Canceled Jobs and Reposted Those Jobs After Responding to the EEOC</u>

23/          In my employer's Response to Request for Additional Information to the EEOC, my employer does not provide a response for 5 positions (35856 Construction Project Manager, 36568, Senior Project Manager FEMA, 36614 Sr. Mgmt. Consultant, 40023 Senior Project Manager, Expansion and Construction, Ambulatory Care, and 42024 Project Manager II ), but implies these jobs were closed, canceled or otherwise resolved and provides dates for those dispositions.   However, job postings that appeared on my employer's website shortly after the job were canceled suggest that my employer canceled job posting to avoid providing a response to the EEOC as the jobs were reposted to my employer's website shortly after February 25, 2020, the date my employer responded to the EEOC with additional information.

24/          The EEOC request for additional information was submitted to my employer on January 20, 2020.  Job cancelations for occurred mid-to-late January 2020.  My employer responded to the EEOC on February 25, 2020, and jobs began and re-postings appeared early March 2020, days after my employer responded to the EEOC, suggesting the job postings were canceled in order for my employer to circumvent providing a response to the EEOC, as they were reposted after the response was submitted.  By closing the job postings my

employer circumvented submitting a response for position that clearly fit my skill set including position 43841 Director of Engineering and Support Services- Central Office (the exact position I held), closed 1/21/20; position 42418 Director of Planning, Director of Engineering and Support Services (whose job description includes continuing design and construction of the Local Law 11 Compliance work, decanting, demolition, and reconstruction of the Women's Pavilion, and other work I had processed and funded through the Central Office), was closed 1/17/20; and position 36568 Senior Project Manager FEMA (whose job description included my work formatting construction management contracts for the relocation of the mechanical equipment rooms and major modernization of the elevators destroyed by Storm Sandy—samples of this work was submitted to the EEOC January 15, 2020) , was canceled 2/5/20. Cover letters included with my applications specifically referenced the work included I performed from my role as Director of Engineering and Support Services – Central Office for each specific facility.

25/        On January 15, 2020, I provided supplemental information to the EEOC that included samples of my work that was also included in the job description for position 36568. My employer's "Jobs Applied for by Charging Party" list indicated that position 36568 was canceled just as my employer prepared the response to the EEOC, and re-appeared on my employer's website days after they responded to the EEOC. I was terminated on March 9, 2018, Position 36568 was posted on March 12, 2018. The EEOC requested additional information on January 20, 2020. Position 36568 was canceled on February 5, 2020. My employer responded to the EEOC on February 25, 2020, and the position 36568 was reposted as position 53077 on March 2, 2020, less than a week after my employer responded to the EEOC, and the new job

posting includes FEMA illustrated in samples included in submission to the EEOC on January 15, 2020.

26/          Similarly, the Central Office, Assistant Director of Engineering, position 37022 noted above, was excluded by my employer's response, but the same position was re-posted reposted as 52433 on February 5, 2020.  Another Assistant Director of Engineering, 52702, was posted February 19, 2020, and the position I held as Director of Engineering - Central Office was reposted on March 5, 2020, as position 53136.  I was clearly qualified to perform work required of these positions, as the requirements were equal to or less then the requirements for my role as Director of Engineering and Support Services – Central Office.

27/          Cancelation and suspiciously close re-posting of jobs I was clearly qualified to perform confirm another attempt by my employer to mislead the EEOC regarding the retaliatory nature of my termination.

## MY EMPLOYER CLAIM THAT MY TERMINATION WAS FISCALLY BASED IS FALSE – MY TERMINATION WAS IN RETAILIATION FOR MY EEOC COMPLAINT

28/          The steady stream of suitable positions that appeared after my termination, belie my employers claim that my termination was fiscally based, and my employers attempts to cover up facts regarding their knowledge of my December 26, 2017 EEOC complaint, and manipulate facts regarding my employers disregarding my applications for re-hire, support that my termination was in retaliation for my December 26, 2017 EEOC complaint.  My employer's concerted attempts to mislead the EEOC investigation support that my termination was retaliatory, and not fiscally based.

29/       In addition, the undeniable fact that my employer began planning my termination less than three weeks after receiving a copy of my December 26, 2017 EEOC Charge of Discrimination supports that my termination was in retaliation for my EEOC complaint, and that my employer is clearly in violation of the EEOC Guidelines for Retaliation.

## ADDITIONAL ADVERSE ACTIONS INCLUDED IN THE EEOC GUIDELINES FOR RETAILATION

30/    In the weeks immediately following the submission of my December 26, 2017, EEOC complaint, my employer engaged in other forms of retaliation that are noted in the EEOC Guidelines for retaliation, including, but not limited to: obstructing medical leave; manipulating attendance records, and a failure to record or resolve harassment, and gender and age discrimination, and redistribution of my work assignments that occurred in the weeks after the December 2017 complaint was filed.    After receiving the December 26, 2018, my employer refused to acknowledge the additional complaints or engage in a resolve.    Termination retaliation was the most materially adverse act by my employer, but other acts of harassment, discrimination and retaliation that occurred after I filed the December 26, 2017, EEOC Charge include but are not limited to:

31/       December 29, 2017, verbal abuse and physically aggressive behavior.  On December 29, 2017, my supervisor requested my involvement with the elevator and maintenance contract project.  The project was assigned to me in June/July 2017, when younger men who earned more than me failed to properly write, publish or supervise the solicitation of this $40million contract.   After I completed the work, my supervisor directed to forward my

documents to a younger, man who earned more than me and lack qualifications to perform the work, Leiland Tulloch. Tulloch added a signature line to my documents and published them, but did not understand the work and was not qualified to respond further. I was removed and remained uninvolved. Tulloch was not familiar with contracts, proposals or their award, and without my knowledge placed the proposals at my office door, after which my supervisor, Louis Iglahut, a younger man with a high school diploma, falsely accused me of hiding the proposals from Tulloch. Iglhaut's false accusation was loud public, abusive and continued in front of the staff as my supervisor demanded I accompany him to retrieve the proposals. He was red in the face, and continued to berate me as he walked quickly, aggressively, and closely (within 6 inches) behind me to to my office, then pointed to the ground directing that I pick up the proposals. I was terrified. No one in our office was treated this way, but my colleagues witness Iglhaut's abused towards me regularly—I was the most senior by age and experience, and the only senior woman on staff, and the only female Direction of Engineering at NYC Health and Hospitals, and one of few whose professional credentials and experience met the more subjective qualifications required for the position.

32/        In emails that followed I challenged the proposal solicitation with my supervisor and Barbara Keller, our contract attorney.    Upon receipt of my emails, Iglhaut supervisor disrupted my meeting with Dean Moskos, a younger male Director in our office, and demanded I witness a bid opening. I recused myself from the opening sighting compliance concerns, I was terrified and further stated to Iglhaut that he made me very uncomfortable. Iglhaut demands that I attend the meeting and perform work others failed to secure was his acknowledgement of my qualifications, and his abuse and direction that my work be plagiarized

was due to my gender and age, and Iglhaut's preference to work with younger, men who lack my skills, and this incident, like others in my December 26, 2017 EEOC Complaint, demonstrated how Iglhaut's need of my skills, but inability to work with qualified women resulted in harassment, gender and age discrimination.      Via email my supervisor pressed me to memorialize my discomfort, and I affirmed his "false accusations, verbal abuse and physical aggression" made me uncomfortable.

33/      On January 2, 2018, via email my supervisors' supervisor, Roslyn Weinstein stated she reported my concerns regarding verbal abuse and physical aggressive behavior to Human Resources.  On March 5, 2018, I asked Weinstein for contract information for the person to whom she reported the abuse.  Copying Human Resource Vice President, Yvette Villaneuva Weinstein walked back her commitment.   The abuse was intentionally not reported.

34/      On or around January 10, 2018, I learned from Vikrant Sampat, a Principal for our consultant Superstructures with whom I had processed the systems Local Law 11 Compliance inspections and OMB funding submissions, that he was invited into a meeting where in my Local Law 11 work would be redistributed to younger men, who earned more than me, and lacked qualifications to perform the work, including; Leiland Tulloch (late 40', Finance, Manny Saez (late 40's, Philosophy Degree, Clifford McLaughlin (50+/-, high school diploma), and Menji Indar (37 years old, high school diploma). I learned of the meeting from Sampat who was not aware I had been excluded from an executive review of the $200million Local Law 11 Compliance program I had administered with Sampat for nearly a year, and I contacted NYC

Health and Hospitals, Human Resource Vice President, Peter Fragale regarding my concerns that my exclusion was in retaliation for my EEOC complaint.

35/        On January 11, 2018, Mr. Fragale respond by email confirming he had referred my concerns to NYC Health and Hospitals EEOC, and copied EEOC Officer Blanche Greenfield.  On January 31, 2018, I received an email from EEOC Officer James Keys, who is supervised by Blanche Greenfield. Around this time Keys received a second complaint of gender discrimination against Iglhant by a female Assistant Director, Elizabeth Youngbar.  Mr. Keys refused to respond to my request for a resolve.  Under the supervision of EEOC Officer Blanche Greenfield, Mr. Keys authored the May 2019 Position Statement to the EEOC, and the February 25, 2020 Response to Request for Additional Information.  In those statements Mr. Keys affirms that my termination was planned in January 2018, specifically noting January 31, 2018, as a date Keys recalled as particularly significant for discussions regarding my termination.  My emails with Mr. Fragale affirm Ms. Greenfield was aware of my EEOC Complaint and could be reached for further discussions regarding the inappropriate and retaliatory reassignment of my work.

36/        Additional information provided in an email to Mr. Fragale included: failure to approve leave for emergency dental procedure; cancelation of project meetings; public credit of my work to others.

37/        On January 16, 2018, and in the weeks that followed my supervisor rejected my timesheets siting a coding error.  With my supervisor's knowledge, I had banked time for a medical procedure, but my supervisor would not approved my timesheet until and

unless the code was changed to reflect my time out of the office was "unscheduled", implying that I was absent without approval, which was not true.

38/       The morning of February 6, 2018, via email I requested permission to leave the office for a 2:30 emergency dental appointment.  My supervisor did not respond to a request that he respond later that day, at 2:09 pm I copied Joseph Alexander the Human Resource representative for our department, and repeated my request to leave further stating that if my supervisor did not respond I would not go to the dentist for the emergency procedure. At 2:31pm with Human Resources copied, I emailed my supervisor restating my concerns regarding the consequences of the time sheet coding I was requested to document, false accusations regarding my attendance, and concerns regarding my supervisors intent to deny medical leave. My emails to Human Resources affirm that my records were singled out for scrutiny.

39/       Evidence to support my employer's knowledge of the December 26, 2017 EEOC Complaint, their failure to record the December 29, 2017 harassment, their manipulation of time records and refusal to provide reasonable accommodations for  medical leave, are available. On March 6, 2018, shortly after discovering Roslyn Weinstein had not reported the December 29, 2017, harassment to Human Resources, I met with Human Resource representative Joseph Alexandre regarding my concern.  During that meeting we discussed my many active work assignments, and my EEOC Complaint. Mr. Alexandre assured me my job was essential and secure, and I summarized my essential work assignments and concerns in an email to Mr. Alexandre on March 6, 2018, and was terminated three days later.

40/       An email between my attorney and EEOC Office Blanche Greenfield confirms that as of December 27, 2017, my employer was aware of my EEOC Complaint and as such retaliation that occurred on December 29, 2017, through my Termination on March 9, 2018, are consistent with the EEOC Guidelines for Retaliation, and supports my employer is in violation thereof.   My employer was aware of my concerns regarding age and gender discrimination, and had witness harassment and received documents confirmation my essential work and on-going harassment.  Their choice to ignore every communication regarding my concerns, affirms that the efforts to secure my dismissal were intentional and in retaliation for my EEOC Complaint.

<u>SUMMARY</u>

41/       In their May 2019, Position Statement, my employer claimed my termination was fiscally based, but provided no evidence to support that claim or the fiscal savings my termination represented.   In their February 25, 2020, Request for Additional Information, my employer provided evidence that the department of internal audit was eliminated, resulting in approximately 40 terminations on March 9, 2018, and provided evidence of recruitment postings for Office of Facilities Development that belied their claim that the Office of Facilities Development was targeted for fiscal reductions in March 2018 when internal audit was eliminated.

42/       My employer falsely proclaimed they were unaware of my December 26, 2017, EEOC Complaint until March 2018, and concealed that they had requested and received a copy of the December 26, 2017, complaint, and, in (their own words) three weeks

later "late-January 2018" began planning my termination, and emails document other forms of retaliation including "verbal abuse and physical aggression" occurred on December 29, 2017, just two days after my employer received a copy of the December 26, 2017, EEOC Complaint.

43/      There is no doubt that my termination was planned in retaliation for my December 26, 2017 EEOC Complaint, and that when I was terminated that at least five NYC Health and Hospitals Officers were fully aware of my EEOC Complaint as they planned my termination.  At my employer's request copy of the December 26, 2017 EEOC Complaint was sent to EEOC Officer Blanche Greenfield.  Greenfield had communicated with my attorney before and after receiving the complaint.  Greenfiled was copied to HR Vice President, Peter Fragale's email regarding my retaliation concerns. Greenfield supervises EEOC Officer James Keys, and on January 31, 2018, Keys contacted me regarding Fragale, and the complaint email to which Greenfield was copied. Under Greenfield's supervision, Keys prepared the May 2019, and February 25, 2020, EEOC positions statements, an in the position statements Keys references "mid-late January 2018", as the time my employer began planning my termination, and specifically referenced January 31, 2018, the date Keys emailed me and referenced Fragale's concerns, as a specific day when my termination was discussed. Human Resource Vice President, Yvette Villaneuva, supervises Joseph Alexander and was copied to Roslyn Weinstein's March 5, 2018, email disclosed that a report memorializing retaliatory harassment that occurred on December 29, 2018, in response to my December 26, 2017, EEOC Complaint, may have been suppressed.  Villanueva was aware that Weinstein's March 5, 2018, email prompted me to with Human Resource representative Joseph Alexander on March 6, 2018, the essential nature of my work, Weinstein's email concealing harassment, and concerns expressed

in January 2018 to Human Resource Vice President, Peter Fragale, were discussed, and a list memorializing the work I was performing was forwarded as requested by Alexander following our meeting.  Alexander and Villenueva were aware that in January 2018 Human Resource Vice President, Peter Fragale forwarded my concerns to EEOC Officer Blanche Greenfield, and that in January 2018, Elizabeth Youngbar contacted Human Resources regarding Weinstein and Iglhaut,, and Human Resources representative Joseph Alexander noted: "we are aware of "an issue there", and directed Youngbar away from Human Resources and to EEOC Officer James Keys.  By March 9, 2018, my employer's EEO Officers and Human Resource Vice Presidents were aware of my complaints, concerns regarding retaliation, and affirmed the work I was performing was essential.  To quell my concerns, on March 6, 2018, Alexander assured me that my work was essential, and my job was not in jeopardy.   On March 9, 2018, I was terminated, and the letter of termination was signed by Joseph Alexander.  By April 18, 2018, I applied for jobs in my department that included responsibilities I was performing and appeared on my employer's website on March 16, 2018, just days after I was terminated, and via email alerted Human Resource Vice President, Yvette Villanueva, EEOC Officer Blanche Greenfield, and NYC Health and Hospitals President, Mitchell Katz, that I applied for re-hire.  My applications were ignored by all parties, leaving no doubt all were informed of my termination, aware of my applications for re-hire, that my termination was not fiscally based, and a replacement was being sought to fulfill my essential responsibilities, reasonably concluding that I was terminated in retaliation for my December 26, 2017, EEOC Complaint.

44/        When the EEOC investigated my EEOC complaint of retaliation, my employer lied and misled the EEOC investigation.  All evidence provided by my employer

supports that my termination was retaliatory, and in violation of the EEOC.  Filing a charge of Discrimination is a protected act for which the EEOC prohibits retaliation.

45/       A copy of the EEOC Complaint 520-2018-05627 for which this complaint is filed is attached as **EXHIBIT B**, and copy of the Notice of the Right to Sue from the EEOC is attached as **EXHIBIT C**.

# Appendix A

🔵 Careers

## My Job Applications

| Job Title | Job ID | Location | Status | Date Created | Date Submitted | Withdraw Application |
|---|---|---|---|---|---|---|
| Project Manager - L II | 9678 | Central Office | Submitted | 04/17/2013 2:37PM | 04/17/2013 2:33PM | Withdraw ∨ |
| Sr Aso Dir (Hosp) (FAC-4608A) | 14984 | Bellevue | Submitted | 03/30/2014 1:36PM | 03/30/2014 1:34PM | Withdraw ∨ |
| Director, Capital Budget and Contract Control - Office of Facilities Development | 14480 | Central Office | Submitted | 03/30/2014 1:50PM | 03/30/2014 1:48PM | Withdraw ∨ |
| Project Mgr - L II | 18480 | Kings County | Submitted | 09/26/2014 11:55AM | 09/26/2014 11:53AM | Withdraw ∨ |
| Project Manager | 17990 | Metroplus HMO | Submitted | 09/26/2014 12:13PM | 09/26/2014 12:12PM | Withdraw ∨ |
| Assistant Director, Planning | 18334 | Harlem | Submitted | 08/26/2014 12:14PM | 08/26/2014 12:13PM | Withdraw ∨ |
| Assistant Director, Planning | 18334 | Harlem | Submitted | 08/26/2014 12:14PM | 08/26/2014 12:13PM | Withdraw ∨ |
| Senior Associate Director - Facilities Management | 17870 | Lincoln | Submitted | 08/26/2014 12:17PM | 08/26/2014 12:16PM | Withdraw ∨ |
| Director, Engineering & Support Services (Approved Specialties) - Facilities Development Office | 17515 | Central Office | Submitted | 08/26/2014 12:25PM | 08/26/2014 12:24PM | Withdraw ∨ |
| Director, Engineering & Support Services (Approved Specialties) - Facilities Development Office | 17515 | Central Office | Submitted | 08/26/2014 12:25PM | 08/26/2014 12:25PM | Withdraw ∨ |
| Assistant Coordinating Manager | 22570 | Woodhull | Not Submitted | 05/02/2015 11:55AM | | |
| Assistant Inspector General, Office of The Inspector General "Multiple Positions" | 36491 | CO 125 WORTH | Submitted | 03/13/2016 11:44AM | 03/13/2016 11:44AM | Withdraw ∨ |
| Construction Proj Mgr LIII 00040416 | 35556 | ELMHURST HOSPITAL CENTER | Submitted | 03/13/2016 11:50AM | 03/13/2016 11:50AM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Submitted | 03/21/2018 12:46PM | 03/21/2018 12:46PM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Not Submitted | 03/21/2018 12:46PM | | |
| Associate Executive Director - OPR-8600A | 34674 | BELLEVUE HOSPITAL CENTER | Submitted | 03/21/2018 1:04PM | 03/21/2018 1:04PM | Withdraw ∨ |
| Sr Mgmt Consultant- LI | 36614 | SEAVIEW HOSPITAL | Submitted | 03/22/2018 10:49AM | 03/22/2018 10:49AM | Withdraw ∨ |
| No Job Selected | | | | | | |
| Senior Project Manager, Expansion & Construction, Ambulatory Care | 40032 | CO 55 WATER 26 FL | Submitted | 10/25/2018 1:37PM | 10/25/2018 1:39PM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Submitted | 12/03/2018 12:48PM | 12/03/2018 12:48PM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Not Submitted | 12/03/2018 12:48PM | | |
| Project Manager - L II  00048281 (G) Plant Operations (PROVISIONAL) | 42247 | QUEENS HOSPITAL | Submitted | 01/16/2019 2:27PM | 01/16/2019 2:33PM | Withdraw ∨ |

| Job Title | ID | Location | Status | Date | Date | Action |
|---|---|---|---|---|---|---|
| Senior Project Manager, Expansion & Construction, Ambulatory Care | 40032 | CO 55 WATER 26 FL | Submitted | 12/03/2018 12:48PM | 12/03/2018 12:48PM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Not Submitted | 01/16/2019 2:27PM | | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Submitted | 01/16/2019 2:33PM | 01/16/2019 2:33PM | Withdraw ∨ |
| Project Manager - L II 00048231 (D) Plant Operations (PROVISIONAL) | 42047 | QUEENS HOSPITAL | Submitted | 01/16/2019 2:40PM | 01/16/2019 2:40PM | Withdraw ∨ |
| Senior Project Manager, Expansion & Construction, Ambulatory Care | 40032 | CO 55 WATER 26 FL | Submitted | 01/16/2019 2:43PM | 01/16/2019 2:43PM | Withdraw ∨ |
| Regional Director (Director Procurement Systems / Operations) Supply Chain Operations | 42213 | CO 55 WATER 26 FL | Submitted | 01/16/2019 2:53PM | 01/16/2019 2:53PM | Withdraw ∨ |
| Director of Capital Budget and Contract Control, Facilities Development | 47215 | CO 55 WATER 25 FL | Submitted | 01/17/2019 1:40PM | 01/17/2019 1:40PM | Withdraw ∨ |
| Director of Planning | 42418 | HARLEM HOSPITAL CENTER | Submitted | 01/17/2019 4:39PM | 01/17/2019 4:39PM | Withdraw ∨ |
| Associate Executive Director - OPR-6600A | 34674 | BELLEVUE HOSPITAL CENTER | Submitted | 01/17/2019 4:46PM | 01/17/2019 4:46PM | Withdraw ∨ |
| Director of Planning | 42418 | HARLEM HOSPITAL CENTER | Submitted | 01/23/2019 3:12PM | 01/23/2019 3:12PM | Withdraw ∨ |
| Senior Project Manager, Expansion & Construction, Ambulatory Care | 40032 | CO 55 WATER 26 FL | Submitted | 01/23/2019 3:20PM | 01/23/2019 3:20PM | Withdraw ∨ |
| No Job Selected | | | Submitted | 08/23/2019 1:32PM | 08/23/2019 1:32PM | Withdraw ∨ |
| Director of Capital Budget and Contract Control, Facilities Development | 47215 | CO 55 WATER 25 FL | Submitted | 08/23/2019 1:40PM | 08/23/2019 1:40PM | Withdraw ∨ |
| Sr. Project Manager, FEMA (Construction Project Manager III) | 36568 | CO 55 WATER 26 FL | Submitted | 08/23/2019 1:47PM | 08/23/2019 1:47PM | Withdraw ∨ |
| Senior Project Manager, Facilities Development | 41840 | CO 55 WATER 26 FL | Submitted | 08/23/2019 1:48PM | 08/23/2019 1:48PM | Withdraw ∨ |
| Director of Planning | 42418 | HARLEM HOSPITAL CENTER | Submitted | 08/23/2019 1:50PM | 08/23/2019 1:50PM | Withdraw ∨ |
| Director of Engineering & Support Services, Facilities Development | 43841 | JACOBI MEDICAL CENTER | Submitted | 08/23/2019 1:51PM | 08/23/2019 1:51PM | Withdraw ∨ |
| Facility Director - (Associate Executive Director) | 45286 | LINCOLN HOSPITAL | Submitted | 08/23/2019 1:56PM | 08/23/2019 1:56PM | Withdraw ∨ |
| Director of Design and Construction | 46904 | JACOBI MEDICAL CENTER | Submitted | 08/23/2019 1:58PM | 08/23/2019 1:58PM | Withdraw ∨ |
| Director of Capital Budget and Contract Control, Facilities Development | 47215 | CO 55 WATER 25 FL | Not Submitted | 08/23/2019 1:59PM | | Withdraw ∨ |
| Associate Director, Hospitals Lv. 3 (FAC-9600A) Mon-Fri, Tour II    RE-POST | 47396 | BELLEVUE HOSPITAL CENTER | Not Submitted | 08/23/2019 2:00PM | | Withdraw ∨ |
| Associate Director, Hospitals Lv. 3 (FAC-9600A) Mon-Fri, Tour II    RE-POST | 47396 | BELLEVUE HOSPITAL CENTER | Submitted | 08/23/2019 2:01PM | 08/23/2019 2:01PM | Withdraw ∨ |
| Post-Acute Care Billing Manager (Ast Dir Fiscal Affairs) | 42024 | HENRY J. CARTER LTAC BUILDING | Submitted | 12/03/2018 3:37PM | 12/03/2018 3:37PM | Withdraw ∨ |

**My Resumes**

| Attached File | Job ID | Resume Title | Date Created |
|---|---|---|---|
| 130416_deniselymanresume_current.doc | 9678 | 130416_deniselymanresume_current.doc | 04/17/2013 2:36PM |
| 130416_deniselymanresume_current.doc | 14864 | 130416_deniselymanresume_current.doc | 04/17/2013 2:36PM |
| 130416_deniselymanresume_current.doc | 14460 | 130416_deniselymanresume_current.doc | 04/17/2013 2:36PM |
| 140825_deniselymanresume_withOUT_projects.doc | 18460 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 17990 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 18334 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 18334 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 17870 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 17515 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 17515 | 140825_deniselymanresume_withOUT_projects.doc | 08/26/2014 11:55AM |
| 140825_deniselymanresume_withOUT_projects.doc | 36491 | 140825_deniselymanresume_withOUT_projects.doc | 03/13/2018 11:45AM |
| 180302_deniselymanresume_condensed_CV_without_projects.doc | 35956 | 180302_deniselymanresume_condensed_CV_without_projects.doc | 03/13/2018 11:46AM |
| 180302_deniselymanresume_condensed_CV_without_projects.doc | 35568 | 180302_deniselymanresume_condensed_CV_without_projects.doc | 03/13/2018 11:49AM |
| 180302_deniselymanresume_condensed_CV_without_projects.doc | 34874 | 180302ne_deniselymanresume_condensed_CV_without_projects.doc | 03/13/2018 11:49AM |
| 180302_deniselymanresume_condensed_CV_without_projects.doc | 36914 | 180302ne_deniselymanresume_condensed_CV_without_projects.doc | 03/13/2018 11:49AM |
| 180302_deniselymanresume_condensed_CV_without_projects.doc | Multiple | 180302ne_deniselymanresume_condensed_CV_without_projects.doc | 03/13/2018 11:49AM |
| 161024_deniselyman_resume.docx | | 161024_deniselyman_resume.docx | 10/25/2018 1:38PM |
| 190116_NYC_HHC_36568_CPM_level_3_deniselyman_resume.docx | 36568 | 190116_NYC_HHC_36568_CPM_level_3_deniselyman_resume.docx | 01/16/2019 2:32PM |
| 190116_NYC_HHC_04281_queens_deniselyman_resume.docx | 42047 | 190116_NYC_HHC_04281_queens_deniselyman_resume.docx | 01/16/2019 2:39PM |
| 190116_NYC_HHC_40032_Sr_Prn_Eng_level_3_deniselyman_resume.docx | 40032 | 190116_NYC_HHC_40032_Sr_Prn_Eng_level_3_deniselyman_resume.do | 01/26/2019 2:45PM |
| 190117_HHC_42213_mat_manag_deniselyman_resume.docx | 42213 | 190116_NYC_HHC_42213_mat_manag_deniselyman_resume.docx | 01/16/2019 2:52PM |
| 190117_HHC_42418_dir_of_planning_deniselyman_resume.docx | 42418 | 190117_HHC_42418_dir_of_planning_deniselyman_resume.docx | 01/17/2019 4:38PM |
| 190117_HHC_bellevue_asst_ed_deniselyman_resume.docx | 34674 | 190117_HHC_bellevue_asst_ed_deniselyman_resume.docx | 01/17/2019 4:46PM |
| 190123_HHC_42418_dir_of_planning_deniselyman_resume.docx | 42418 | 190123_HHC_42418_dir_of_planning_deniselyman_resume.docx | 01/23/2019 3:11PM |
| 190123_HHC_40032_sr_prn_amb_deniselyman_resume.docx | 40032 | 190123_HHC_40032_sr_prn_amb_deniselyman_resume.docx | 01/23/2019 3:20PM |
| 190823_FINAL_47306_Construction__Manager_Bellevue.docx | | 190823_FINAL_47306_Construction__Manager_Bellevue.docx | 08/23/2019 1:30PM |

## My Cover Letters and Attachments

**+**

| Attached File | Job ID | Attachment Title | Attachment Type | Date Uploaded |
|---|---|---|---|---|
| 190823_47215_Director_Capital_Budget_Contract_Control_FD.docx | 47215 | 190823_47215_Director_Capital_Budget_Contract_Control_FD.doc | | 08/23/2019 1:40PM |
| 190823_36566_Sr_Project__Manager_FEMA.docx | 36566 | 190823_36566_Sr_Project__Manager_FEMA.docx | | 08/23/2019 1:47PM |
| 190823_41640_Sr_Project_Manager_Facility_Operations.docx | 41640 | 190823_41640_Sr_Project_Manager_Facility_Operations.docx | | 08/23/2019 1:48PM |
| 190823_42418_Director_of_Construction_Mgt_Harlem.docx | 42418 | 190823_42418_Director_of_Construction_Mgt_Harlem.docx | | 08/23/2019 1:49PM |
| 190823 43841 Director Engineer Support Services FD.docx | 43841 | 190823_43841_Director_Engineer_Support_Services_FD.docx | | 08/23/2019 1:51PM |
| 190823_45296_Facility_Director_Associate_Eve_Dir.docx | 45296 | 190823_45296_Facility_Director_Associate_Eve_Dir.docx | | 08/23/2019 1:56PM |
| 190823_46904_Cover_Letter_Jacobi_Hospital.docx | 46904 | 190823_46904_Cover_Letter_Jacobi_Hospital.docx | | 08/23/2019 1:58PM |
| 190823_47396_Construction___Manager_Bellevue.docx | 47396 | 190823_47396_Construction___Manager_Bellevue.docx | | 08/23/2019 2:01PM |

| Attached File | Job ID | Attachment Title | Attachment Type | Date Uploaded |
|---|---|---|---|---|
| 140813_cover_letter.doc | All | clarification of resume | Cover Letters | 08/26/2014 12:00PM |

Exhibit B

Re: EEOC Charge No.: 520-2018-05627

From:  Denise Lyman (deniselyman@yahoo.com)

To:      LORESA.LOCKETT@EEOC.GOV

Date:   Monday, October 1, 2018, 11:25 AM EDT


Ms. Lockett,

Thank you for your email.

Attached are:

1/ the documents you sent to me which, per our conversation, I corrected and had notarized.

2/ a copy of the documents I submitted in August with the FEDEX receipt.


Thank you also for letting me know that agencies are required to reply to the content of the documents.

As we discussed, retaliation is an important part of the this filing.

Your help is greatly appreciated.

Denise

On Thursday, September 20, 2018, 12:35:23 PM EDT, LORESA LOCKETT <LORESA.LOCKETT@EEOC.GOV> wrote:


Ms. Lyman,

Per our conversation, please provide a comment regarding the unmarked retaliation block on your Form 5. Upon receipt of your email, I will add the correspondence to your file as supporting documentation for your claim. Feel free to contact me with any additional concerns. Thank you!

R/

Loresa Lockett
Federal Investigator
EEOC – New York District Office
33 Whitehall Street, 4th Floor
New York, NY 10004
P: (212) 336 – 3776
F: (212) 336 – 3790


   181001 eeoc august 28 2018 retaliation original submission 10-01-2018_09-28-38-244.pdf
779.3kB

   181001 eeoc notarized correction 10-01-2018_09-24-33-798.pdf

10/23/2019                              Yahoo Mail - Re: EEOC Charge No.: 520-2018-05627

599.3kB

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

1 00243 4005   0020

Denise Lyman
176 West 86 Street
Apt. 6-C
New York, NY 10024





**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TDD: 1-800-669-6820
Fax: (212) 336-3625
1-800-669-4000

Respondent: NEW YORK CITY HEALTH AND HOSPI
EEOC Charge No.: 520-2018-05627
FEPA Charge No.:

September 17, 2018

Denise Lyman
176 West 86 Street
Apt. 6-C
New York, NY 10024

Dear Ms. Lyman:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[X]   Title VII of the Civil Rights Act of 1964 (Title VII)
[X]   The Age Discrimination in Employment Act (ADEA)
      The Americans with Disabilities Act (ADA)
      The Equal Pay Act (EPA)
      The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

Please be aware that we will send a copy of the charge to New York State Division Of Human Rights Federal Contract Unit One Fordham Plaza, 4 Fl. Bronx, NY 10458 as required by our procedures. If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official. Then the agency will investigate and resolve the charge under their statute. If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding. To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case. Otherwise, we will generally adopt the agency's finding as EEOC's.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Loresa A. Lockett
Investigator
(212) 336-3776

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)

## ➤ *LOOK FOR WORK IF YOU ARE OUT OF WORK*

If you lost your job or were not hired due to discrimination, you may be entitled to the pay or wages you lost. However, you cannot receive lost wages unless you can show that you looked for another job to replace the one you lost or were denied due to discrimination. In order to prove you searched for work, you must keep copies of all letters, emails, or other evidence of your job search. If you succeed in finding a new job but it pays less than the job you lost, you may be entitled to the difference in pay. Therefore, it is necessary to keep all evidence of your job search even if you find another job.

In addition to looking for work, you should keep good records of your job search so you can prove that you have tried to find a comparable job. If you are out of work because of discrimination, be sure to save *all* documents and communications, including e-mails, relating to your job search.

---

### ➤ *WHAT ARE RECORDS OF YOUR JOB SEARCH?*

The following types of information can prove that you have tried to find work:
- copies of job applications and resumes

- a list of all the companies you contact about jobs by phone, letter or in-person

- copies of e-mails or letters that you send to or receive from companies where you have asked about work or submitted an application

- a list all of the places where you apply and for each one,
  a. the date of the application;
  b. the position you were seeking;
  c. the response you received from your application, such as rejection letters or invitations to interview;
  d. whether you were interviewed and the date of the interview;
  e. the results of the interview;
  f. whether you turned down a job offer, and if you did, why

- notes about what you did to look for work (for example, searching the newspaper or Internet or contacting employment agencies) and the dates that you conduct the search

- copies of your pay stubs or earnings records if you find another job.

If you have questions about what you are required to do, please contact your investigator.

---

### ➤ *KEEP US INFORMED*

Once you file a charge with the EEOC, you must tell us if you move or get a new address, telephone number, or e-mail address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

### ➤ *CALL IF YOU HAVE QUESTIONS*

Your investigator will discuss with you the documents and other evidence we need to investigate your charge. If you have any questions, or for inquiries about the status of your case, please contact your investigator directly or call 1-800-669-4000.

Page 2

Keep in mind that the EEOC process takes time, so there will be gaps between entries about your charge in the Online Charge Status System. Even when you do not see any change in the status of your charge, EEOC staff are hard at work.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2018-05627 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Ms. Denise Lyman** | Home Phone *(Incl. Area Code)*<br>**(917) 743-0603** | Date of Birth<br>**1955** |
|---|---|---|

Street Address                                      City, State and ZIP Code
**176 West 86 Street, Apt. 6-C, New York, NY 10024**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**NEW YORK CITY HEALTH AND HOSPI** | No. Employees, Members<br>**500 or More** | Phone No. *(Include Area Code)*<br>**(212) 788-3321** |
|---|---|---|

Street Address                                      City, State and ZIP Code
**125 Worth Street Rm 514,  New York, NY 10013**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address                                      City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-01-2016**   Latest **05-01-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*
**See attachments...**

*See original INTAKE FORM*
*FEDEX 5/29/2018*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

Sept. 29 2018
Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  09/29/2018
*(month, day, year)*

SAMANTHA ANJELICA POLANCO
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
COMM. EXP. 08/08/2020

THIS DOC WAS SUBMITTED TO ME VIA THE EEOC 9/17/2018 / ATTN
Su FedEx 5/29/18

Via USPS and FAX to 212 336-3622

August 22, 2018

Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor,
New York, New York, 10004-2112

Re: EECO Complaint of Discrimination

To whom this may concern:

The below EEOC Complaint is:

| | |
|---|---|
| For: | Denise Lyman<br>176 West 86th Street, Apartment 6C<br>New York, New York 10024<br>Cell:  917 743 0603 |
| Against: | New York City Health and Hospitals Corporation<br>125 Worth Street<br>New York, New York<br>212 788 3300 |
| Employee Count: | 500+ |
| Description of Events: | Attached below – Age, Gender, Compensation,<br><br>Discrimination and Termination Retaliation |
| Events Occurred: | On Going from October 2016 through April/May 2018 |
| Reason for Discrimination: | Gender/age prejudice that prohibits equal compensation |

Thank you in advance for any assistance you can provide.

Sincerely,

Denise Lyman
176 West 86th Street
New York, New York 10024

**Background:**

I am a 63 year old female an architect whose decades of experience in the design and construction of health care facilities were used to obtain employment at NYC Health and Hospitals under the then Assistant Vice President Peter Lynch.  Iglhaut replaced Lynch when Lynch retired.  Iglhaut's harassment, geared towards constructive dismissal, began immediately, and was obvious to others.

By the summer of 2016, a representative from the legal department, Keith Tallbe, suggested I contract the Health and Hospitals EEOC representative, Blanche Greenfield, to file a complaint.

The complaints were on-going recording verbal/physical harassment, and on-going directives that, to make my male colleagues "appear essential", and make me "appear redundant" directed others plagiarize my work.

Despite this, the NYC Health and Hospitals EEOC Officers thwarted all attempts at a resolve, and fully aware of my documented complaints allowed me to be terminated "for redundancy".  They received an internal complaint, were aware of an EEOC complaint in 2016, and were copied to the Charge of Discrimination filed with EEOC December 2017.  Weeks prior to my termination, the agency EEOC officers received a second Complaint of Gender Discrimination against Iglhaut, and Weinstein from Elizabeth Youngbar, yet terminated me disputed this and numerous documents confirming on –going plagiarism, verbal abuse, physical aggression and sexually harassing behavior".

Ignoring DCAS Policies and Procedures, and all complaints of gender and age discrimination/retaliation, and because I was the oldest, the highest ranking female, and the only person in our department to be terminated, it is clear that I was terminated by NYC Health and Hospital as retaliation for my

complaints—NOT as part of the mass termination of 35 people, all of whom worked in the same, removed, department.

This Complaint includes acts of gender, age discrimination, verbal abuse and physical/sexual harassment against Louis Iglhaut and Roslyn Weinstein that occurred before and after the December 2017 Charge of Discrimination was filed.

This Complaint includes termination retaliation by Health and Hospitals, Roslyn Weinstein, Louis Iglhaut, Yvette Villaneau, Blanche Greenfeld, and James Keys.

## EEOC/DCAS and PROTECTION FROM RETALIATION

In August 2016, I first reported a pattern of abuse, harassment and discrimination that was on going from 2015 forward to the NYC Health and Hospitals internal EEOC office, Blanche Greenfeld. As provided for in the DCAS EEOC Policy and Procedures, I was promised protection from retaliation--I was assured I would remain fully informed, our discussion would remain confidential and that I would not be dismissed because of the complaint.  But NYC Health and Hospitals ignored all of this in order to terminate me in retaliation for my complaint.

The first complaint was against Louis Iglhaut.  Greenfeld provided *three* methods for resolve.  In March 2018, I learned DCAS only provides two; the "*third*" remedy Greenfeld offered (to speak to Iglhaut's supervisor, Roslyn Weinstein after which, Greenfield was prohibited from speaking to me…) was not a "policy or procedure" outlined by DCAS.

That first "internal" EEOC complaint was filed with Health and Hospitals on August 25, 2016. The internal investigator, James Keys, canceled meetings delaying our meeting through September 2016, and at the conclusion of that meeting Keys erroneously drew conclusions that were antithetical to my complaint. I immediately noted my concerns regarding his "self/agency-serving" interpretations before our meeting ended.

Keys promised confidentiality and to remain informed, but on/around October 7, 2016, Keys called ID appeared on my supervisor's breaking any confidence I had that our talks were confidential or that I would be kept informed. Keys call prompted me to file an "external" EEOC complaint on/around October 11, 2016. I would hear from Keys again in February 2018. I received none of the DCAS "boiler plate" letters which are part of the DCAS policies and procedures that are known to Greenfeld and Keys and govern Health and Hospitals.

In September 2017, I received a Notice of the Right to Sue, hired and attorney, who contacted Blanch Greenfeld. Greenfled requested numerous extension of time, ultimately pressing the clock to run out without responding with my attorney, Richard Roth. Roth told her the harassment worsened as she asked for extensions, but she did not care.

I wanted to resolve the matter and transfer away from my abuser. I did NOT want to sue my employer. Because the agency promised protection from dismissal/retaliation, to protect me job, I filed a Charge of Discrimination on/around December 25, 2017; Greenfeld received a copy of that Charge of Discrimination via email from my attorney. As the harassment increased, on January 3, 2018, I provided a copy to Human Resources (see below regarding Weinstein reporting abuse/physical aggression to Human Resources on/around January 3, 2018)

On/around February 2, 2018, via email, James Keys, forward an intake form asking if I wanted to file a complaint, and, as provided by DCAS, Keys received an affirmative response via email from my attorney. Keys remained silent. On/around March 23, 2018, while still employed by Health and Hospitals, but after I was instructed not to report to work, I returned the completed intake complaint form.

In March 2018, I learned NYC Health and Hospitals EEOC Policies and Procedures were established by DCAS, and obtained a copy of the policy and required boiler plate document files.

There was no evidence Health and Hospitals had complied, and no evidence that Greenfeld's "*third*" option (to speak to Weinstein, and discontinue speaking with me) was condoned by DCAS.

By ignoring the rules, and intentionally misleading me, it is clear that my termination was in retaliation for my complaint.


## A SECOND COMPLAINT OF GENDER DISCRIMINATION AGAINST IGLHAUT


In January 2018, Elizabeth Youngbar, filed an "internal" Complaint of Gender Discrimination against Louis Iglhaut, and his supervisor, Roslyn Weinstein. Youngbar, (a college educated 10 year veteran at Health and Hospitals) processed employee on-boarding, promotions, transfers, etc., had been denied a promotion three times (while she processed employment packages for men with no more than high school diplomas, who earned twice her salary).

Iglhaut laughed at Youngbar. He pointed out her faults, and *directed* Youngbar to Human Resources. Youngbar, who knew nothing about my complaints, but was witness to the discrimination and harassment towards me, asked me who she should speak to in HR and later reported that Joseph Alexander

directed her to EEOC saying: "yes, we are aware there is a problem—you need to go to EEO". Youngbar was

directd to meet with James Keys.

By February 2, 2018, Keys, aware of 4 complaints against Iglhaut- 1 from Youngbar, and 3

from me, asked if I would file another complaint, but failed to respond to my attorney affirming I would file

another complaint in response to his request. DCAS Policy and Procedures allows "representatives" to be

present for investigations. On/around March 23, 2018, while still employed by Health and Hospitals, I

returned the complaint intake form to Keys.

## WEINSTEIN PREPARES AN ORGANIZATION CHART – DISTRIBUTING MY WORK, AND

## DIMINISHES YOUNGBAR'S RESPONSIBITIES - ON PAPER

In January 2018, immediately Youngbar's complaint, Weinstein/Iglhaut created an

organization chart, and attempted to "back employees into" the responsibilities Weinsteing/Iglhaut had

assigned to them "on paper".

In response to her request for promotion, on paper Weinstein/Iglhaut diminished the

responsibilities Youngbar outlined to avoid promoting her.

Now facing complaints of gender discrimination from two women, on paper

Weinstein/Iglhaut reallocated my responsibilities to advocate for my dismissal: my work was reallocated to

men who plagiarized it making them "*appear essential*", and making me "*appear redundant*".  Weinstein and

Iglhaut then advocated to remove my "position" deeming it redundant--exactly the concern I expressed in my

on-going complaints.

## VERBAL, PHYSICAL AND SEXUAL HARASSMENT INTENTIONALLY NOT REPORTED

While creating the Organizational Chart, Weinstein and Iglhaut were aware that complaints of gender discrimination were filed by two women against Iglhaut, and of complaints of verbal and physical harassment were documents on December 29, 2018, via email.

Weinstein, prepared the organizational chart to secure my dismissal, while Blanche Greenfeld, Health and Hospitals EEOC Officer, and Yvette Villanueva, Health and Hospitals, Vice President of Human Resources, were aware that Weinstein had intentionally concealed the verbal abuse, physical and sexual harassment that had been reported to her on December 29 2017.   Villanueva, Human Resources and Greenfeld, EEOC, would aligned with Weinstein ignoring any and all information that would interfere with the retaliation via my dismissal.  They were fully informed of the plagiarism, and on-going multiple complaints, but allowed my dismissal retaliation to proceed.

On December 29, 2017, my discomfort regarding escalation verbal and physical harassment was memorialized via email at the request of Iglhaut.  Iglhuat copied his supervisor, Roslyn Weinstein, and immediately denied we were ever alone together.

On/around January 3, 2018, Weinstein stated she "referred your concerns of verbal abuse and physically aggressive behavior" to Human Resources.

On March 5, 2018, I asked Weinstein to identify the person in Human Resources to whom she referred the incident.  Rather than providing a name, I learned that in order to protect Iglhaut, Weinstein, who was aware of the on-going EEOC complaints, had NOT reported the complaint to Human Resources, but instead created the organizational chart reassigning my work "on paper" to secure my dismissal.

When I discovered Weinstein lied to me and failed to report the abuse to human resources, I asked to meet with human resources.

On March 6, 2018, I met with Joseph Alexandre, NYC Human Resources, and provided a full account of the harassment with specific incidents of sexual harassment on/around December 8, December 22, and verbal abuse and physical, aggression and harassment and other forms of intimidation on December 29, 2017, as well as the on-going acts and complaints of discrimination.

In my March 6, 2018, meeting with Alexander, I also I expressed concerns regarding the EEOC complaints, and continuing directive by Iglhaut and Weinstein that my work be plagiarized by others, and on- going attempts by Iglhaut and Weinstein to secure a "constructive dismissal" through harassment. Alexander listened to the details and qualifications required for my work, and continually assured me that the "only redundant positions will be removed".

On March 8, 2018, Elizabeth Youngbar attempted to affirm these, and report the (near daily) on-going harassment toward me by Iglhaut, including incidents on March 7. Alexandre asked Youngbar to delay until the following week.

On March 9, 2018, I was terminated (effective after March 23, 2018). The reason provided: redundancy. Joseph Alexander, who refuse to speak to Youngbar on March 8, had signed the letter.


## TERMINATION, DCAS, AND EMPLOYMENT APPLICATIONS

On March 9, 2018, I was called to be dismissed, assured it was for "redundancy" and that I was not "do not hire"—I could apply for other positions. I repeated the above and advocated that I not be terminated, and asked to file an objection or grievance  -something to stop the progress. I was directed to DCAS, by the person who noted she had no documents and was not taking notes.

I applied for several positions advertised in our department. I forwarded the application and copy of my resume to the facility person in charge, and copied Yvette Villeneuve, who responded implying she disputed my presumption I was qualified, there by squashing my attempts for re-employment.

## WITNESSES – OTHERS DISCRIMINATED AGAINST

Elizabeth Youngbar, can be called upon to support the harassment, discrimination, retaliation, and concentrated effort used to secure my dismissal, and that that effort was within and outside of our department. Youngbar can support the on-going harassment from 2015, forward, and details of the plotting that occurred to secure a constructive dismissal, and my termination in retaliation for my complaint. Youngbar will confirm: she was not aware of my complaints when she filed an EEOC in January 2018, but is aware of the re-organization of duties and creation of an organizational chart after her complaint. Iglhaut's in appropriate physical aggression and directions to plagiarize my work were discussed with Youngbar and Dean Moskos when they occurred.

Dean Moskos, witnessed the on-going verbal and physical harassment from 2016 through 2018. Moskos was in meetings called my Iglhaut specifically to harass and demean me. Moskos was called into meetings to support that I had done work, which Weinstein and Iglhaut attributed to others. Moskos was aware that Iglhaut relied upon me to do the work of most of the men in our office, and was also aware of my on-going dialague with Iglhaut and Weinstein regarding their directions to plagiarize.

Youngbar and Moskos will affirm my work was used to make younger, male colleagues appear redundant, while the plagiarism of my work made me seem redundant.



Address:

Location:                   2233 BROADWAY
Device ID:                  NEW YORK
Transaction:                NY 10024
                            JREKN
                            -BTC01
                            920206666720

FedEx Express Saver
782440886777    0.3 lbs. (S)
         Declared Value   0                 7.65

Recipient Address:
   NEW YORK DISTRICT OFFICE
   EQUAL EMPLOYMENT OPPORTUNITY COMMIS
   33 WHITEHALL STREET 5TH FLOOR
   New York, NY 10004
   2123363622

Scheduled Delivery Date 8/28/2018

Pricing option:
   ONE RATE

Package Information:
   FEDEX ENVELOPE

   Shipment subtotal:
                            $7.65
         Total Due:
                            $7.65
      (S) CreditCard:
   ***********5005          $7.65

H = Weight entered manually
S = Weight read from scale
T = Taxable item



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.**

**1.   Personal Information**

Last Name: LYMAN          First Name: DENISE          MI:

Street or Mailing Address: 176 west 86th street          Apt Or Unit #:

City: New York          County: New York          State: NY   ZIP: 10024

Phone Numbers: Home: ( 917 ) 743 060          Work: ( )

Cell: ( 917 ) 743 0603          Email Address: deniselyman@yahoo.com

Date of Birth:   03-20-1955          Sex: Male ☐   Female ☑   Do You Have a Disability? ☐ Yes   ☑ No

**Please answer each of the next three questions.**   i. Are you Hispanic or Latino? ☐ Yes  ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaska Native   ☐ Asian   ☑ White   ☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? italy

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: jaclyn lyman          Relationship: daughter

Address: 232          City: san francisco          State: CA   Zip Code:

Home Phone: ( 91 ) 324 681   Other Phone: ( )

**2. I believe that I was discriminated against by the following organization(s): (Check those that apply)**

☑ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: New York City Health and Hospitals

Address: 125 Worth Street

City: New York          State: NY   Zip: 10021          County: New York          Phone: ( 212 ) 788 3300

Type of Business: NYC public hospital          Job Location if different from Org. Address:

Human Resources Director or Owner Name: mitchell katz, President; Blanch Greenfeld, EEO Officer          Phone: 212 788 3300

Number of Employees in the Organization at All Locations: Please Check (√) One

☐ Fewer Than 15   ☐ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☑ More than 500

**3.   Your Employment Data** (Complete as many items as you can)   **Are you a Federal Employee?** ☐ Yes ☑ No

Date Hired:   09-29-2014          Job Title At Hire: Director, Engineering and Support Services

Pay Rate When Hired: $132,000          Last or Current Pay Rate: $132,000

Job Title at Time of Alleged Discrimination: age, gender, harassment & retaliation   Date Quit/Discharged: 03-09-2018

Name and Title of Immediate Supervisor: Louis Iglhaut

2

**If Job Applicant,** Date You Applied for Job _____   Job Title Applied For _____

**4.  What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☑ Race  ☑ Sex  ☑ Age  ☐ Disability  ☐ National Origin  ☐ Religion  ☑ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; choose which type(s) of genetic information is involved:

☐ i. genetic testing   ☐ ii. family medical history   ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain). _____

**5.  What happened to you that you believe was discriminatory?**  Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  Please attach additional pages if needed. *(Example: 10/02/06 - Discharged by Mr. John Soto, Production Supervisor)*

A) Date: 03/09/2018   Action: termination retaliation in response to on-going complaints of harassment, age and gender discrimination

Name and Title of Person(s) Responsible: Louis Iglhaut, Roslyn Weinstein, Blanche Greenfeld, Yvette Villaneavu

B) Date: 12-08-2017   Action: sexual harassment

Name and Title of Person(s) Responsible: Louis Iglhaut

**6.  Why do you believe these actions were discriminatory? Please attach additional pages if needed.**

On or around December 8, 2018, Louis Iglhaut ignored my recoiling, continually approaching me to intimidate and harass. After relocating his seat several times to "get closer to me", when i was cornered Iglhaut liened in closed to intimidate me. This was a pattern. Iglhaut used his authority to "get me in places", then used his body - his physical presence near me, to demonstrate more control.  An incident in our pantry occurred on December 22 (?), and again on December 29, 2018. the acts on December 29, were more violent, intimidating, and witnessed by others. These acts were reported to Roslyn Weinstein, Iglhaut's supervisor. With several complaints pending against Iglhaut, Weinstein deterred me from reporting the specific to Human Resources, stating she (weinstein) would refer the complaints. Not only did Weinstein fail to report this, she and Iglhaut used information and concerns regarding their on going condoned/directed plagerism of my work, by reassigning same rendering my younger, male

**7.  What reason(s) were given to you for the acts you consider discriminatory?  By whom? His or Her Job Title?**

Although my work as an architect is a field dominate by men, non of my male co-workers were qualified to perform the work. I was the oldest, the only female, the only qualified person AND the only person doing the works. Systematically, when my work was completed, I was harassed by Iglhaut and Weinstein, and then forced to "surrender" my work to the men.  The men were then directed to plagiarize my work. Iglhaut, an Assistant Vice President, is a plumber; Weinstein, a Vice President, has a clincial background. Neither they nor the younger men could do the work.  Plagiarism made "the younger men" appear essential, and their plagiarism made me "the older woman" appear redundant.  When I complained Iglhaut harassed me sexually and physically.  Weinstein and Iglhaut knew the discrimination and harassment were valid.  When it worsened, and another woman filed a complaint, using the plagerism to render me redundant, they, and others at Health and Hospitals, look action to terminate me in retaliation for my

**8.  Describe who was in the same or similar situation as you and how they were treated.  For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.** *See attached Letter 8/22/18*

Of the persons in the same or similar situation as you, who was treated *better* than you?

| A.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| leiland tulloch | black, male, 40"s, | senior director |
| Description of Treatment | | |

| B.  Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| manuel saez | hispanic,male,40's | |
| Description of Treatment | | |

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**                                                3

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| no one was treated worse than me~ | | |
| Description of Treatment | | |

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| | | |
| Description of Treatment | | |

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Elizabeth Youngbar | white, 38(?), | assistant director |
| Description of Treatment | | |

| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Janet Olivera | hispanic, female, 40's | assistant director |
| Description of Treatment | | |

**Answer questions 9-12 *only* if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.**

9.  Please check all that apply:

☐ Yes, I have a disability

☐ I do not have a disability now but I did have one

☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**

Yes ☐    No ☐

If "Yes," what medication, medical equipment or other assistance do you use?

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**

Yes ☐    No ☐

If "YES", when did you ask? _____    How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

Describe the changes or assistance that you asked for:

How did your employer respond to your request?

**13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Elizabeth Youngbar | Assistant Director | 917 328 8019 |

**What do you believe this person will tell us?**
that i knew what is was doing, and was relied upon heavily to do work, and that my work was systematically credited to younger men to make them appear essential, and i was harassed and berated and my work was distributed to me to make me appear redundant.

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Dean Moskos | Director, Capital Budget | 347 804 8354 |

**What do you believe this person will tell us?**
that I was relied upon by all in the office, and once my work was completed, it was systematically plagerized by others.
that he witnessed on going abuse, and was aware i was harassed to effect a constructive dismissal.

**14. Have you filed a charge previously in this matter with EEOC or another agency?**   Yes ☐   No ☑

**15. If you have filed a complaint with another agency, provide name of agency and date of filing:**

**16. Have you sought help about this situation from a union, an attorney, or any other source?**   Yes ☑   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Richard Roth, Roth Law firm

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.** If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights.** If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1   ☐   I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

Box 2   ☑   I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

| _signature_ | 08-06-2018 |
|---|---|
| **Signature** | **Today's Date** |

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. **FORM NUMBER/TITLE/DATE.** EEOC Intake Questionnaire (9/20/08).
2. **AUTHORITY.** 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. **PRINCIPAL PURPOSE.** The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. **ROUTINE USES.** EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.** Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

Via USPS and FAX to 212 336-3622

August 22, 2018

Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5ᵗʰ Floor,
New York, New York, 10004-2112

Re: EECO Complaint of Discrimination

To whom this may concern:

The below EEOC Complaint is:

| | |
|---|---|
| For: | Denise Lyman<br>176 West 86ᵗʰ Street, Apartment 6C<br>New York, New York 10024<br>Cell:  917 743 0603 |
| Against: | New York City Health and Hospitals Corporation<br>125 Worth Street<br>New York, New York<br>212 788 3300 |
| Employee Count: | 500+ |
| Description of Events: | Attached below – Age, Gender, Compensation,<br>Discrimination and Termination Retaliation |
| Events Occurred: | On Going from October 2016 through April/May 2018 |
| Reason for Discrimination: | Gender/age prejudice that prohibits equal compensation |

Thank you in advance for any assistance you can provide.

Sincerely,

Denise Lyman
176 West 86ᵗʰ Street
New York, New York 10024

**Exhibit C**

U.S. POSTAGE ≫ PITNEY BOWES

$ 000.50⁰

ZIP 02203
02 4W
0000361772MAR 04 2020

BOSTON
MA 021
04 MAR '20
PM 5 L

EEOC
Boston Area Office
JFK Federal Building, Room 475
15 New Sudbury Street
Boston, MA 02203

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Denise Lyman
176 West 86th St., Apt. 6-C
New York, NY 10024

EEOC Form 131 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Denise Lyman**
**176 West 86 Street**
**Apt. 6-C**
**New York, NY 10024**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**15 New Sudbury Street, Room 475**
**Boston, MA 02203**

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-05627** | **Anthony M. Pino, Jr.,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Feng An, Kenneth*

MAR 03 2020

Enclosures(s)

**Feng K. An,**
**Area Office Director**

*(Date Mailed)*

cc: **NEW YORK CITY HEALTH AND HOSPITALS**
**Office of Equal Employment Opportunities**
**Attn. James Keys, Regional Director**
**55 Water Street, 55th Floor**
**New York, NY 10041**





This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; October 2018; All rights reserved.

DuPont™ Tyvek®

Please Recycle

PRIORITY MAIL
POSTAGE REQUIRED

Pro Se Intake

FROM:

Denise Lynam
176 W 86/6c
NYC/10024

RECEIVED
JUN 5 - 2020
PRO SE OFFICE

CLERK OF THE
COURT,

500 PEARL ST.
SDNY - FEOC

USM 511
USM 511

**UNITED STATES POSTAL SERVICE®**

**PRIORITY MAIL**

- Date of delivery specified for domestic use.
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.
- Order supplies online.
- When used internationally, a customs declaration may be required.

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**MAILING ENVELOPE**

EP14 Oct 2018
OD: 11 5/8 x 15 1/8

PS00000000013

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

TYVEK® IS RECYCLABLE. HDPE ©2003. DUPONT™, DUPONT™ AND TYVEK® ARE TRADEMARKS OR DUPONT.