UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE LYMAN,

                              Plaintiff,

          -v-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                              Defendant.

CIVIL ACTION NO.: 20 Civ. 4390 (PAE) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Defendant New York City Health and Hospitals Corporation ("NYCHHC") has filed a motion for a protective order with respect to the 116 requests for admission (the "RFAs") served by pro se Plaintiff Denise Lyman.  (ECF No. 30 (the "Motion")).  "A request for admission pursuant to Federal Rule of Civil Procedure 36 is 'not a discovery device.'"  In re Keurig Green Mtn. Single-Serve Coffee Antitrust Litig., No. 14 Md. 2542 (VSB) (SLC), 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) (quoting T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997)).  Instead, an RFA is "a procedure for obtaining admissions for the record of facts already known by the seeker."  Versatile Housewares v. SAS Grp., No. 90 Civ. 10182 (KMK) (PED), 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2020) (internal citations omitted); see Rep. of Turkey v. Christie's, Inc., 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (explaining that RFAs "'are used to establish admission of facts about which there is no real dispute'") (quoting 7 Moore's Federal Practice § 36.02[1] (3d ed. 2013)).  RFAs "should be drafted in such a way that a response can be rendered upon a mere examination of the request[,] . . . [and] the facts stated within the request must be singularly, specifically, and carefully detailed."  Weinstein v. Univ. of Conn., No. 11 Civ. 1906

(WWE), 2014 WL 3849971, at *2 (D. Conn. Aug. 5, 2014) (internal citation omitted).  Thus, district courts in the Second Circuit have explained that "Rule 36 requires that each [RFA] must be direct, simple and limited to singular relevant facts."  Id. (internal citations omitted).  A plaintiff who "drafts complex requests" does so "at [her] peril."  Diedrich v. Dep't of the Army, 132 F.R.D. 614, 621 (S.D.N.Y. 1990).  Correspondingly, in responding to an RFA, "the answering party may admit or deny a request or 'state in detail why [it] cannot truthfully admit or deny it.'"  Rep. of Turkey, 326 F.R.D. at 399 (quoting Fed. R. Civ. P. 36(a)(4)).  The answering party may also assert lack of knowledge under certain circumstances, and may assert objections based on "vagueness, that is, the respondent cannot answer because the meaning of the request is uncertain."  Id. (quoting 7 Moore's Federal Practice § 3611.[5][c]).  The answering party's qualifications of any response, however, "should 'provide clarity and lucidity to the genuineness of the issue' and not 'obfuscate, frustrate, or compound the references.'"  Spin Master Ltd. v. Bureau Veritas Consumer Prods. Serv., Inc., No. 08 Civ. 923A (Sr.), 2012 WL 1038613, at *3 (W.D.N.Y. Mar. 27, 2012) (quoting Henry v. Champlain Enter., Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).

The Court has preliminarily reviewed Ms. Lyman's RFAs , and notes that many of them follow these guidelines and are simple, narrow, factual statements.  (See, e.g., ECF No. 31-1 at RFA Nos. 6, 7, 16, 29–33, 36, 38).  On the other hand, several RFAs are unnecessarily verbose and complex.  (See, e.g., id. at RFA Nos. 4, 5, 14, 40, 52, 55, 61, 97, 102, 114).

Accordingly, the Court requests that Ms. Lyman consider whether she is willing to withdraw, or redraft, any of her RFAs, and, by **August 12, 2021**, submit a letter to the Court indicating whether she will withdraw or redraft any of her RFAs.  If Ms. Lyman is not willing to do so and stands on all 116 RFAs as currently drafted, then she shall explain why she believes there

is good cause to deny NYHHC's request for a protective order and to require NYHHC to respond to the RFAs.  On receiving Ms. Hyman's letter, the Court will rule on NYHHC's Motion.  NYHHC's deadline to respond to the RFAs is HELD IN ABEYANCE pending the Court's resolution of the Motion.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the below address.

Dated:          New York, New York
                August 5, 2021

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

Mail To:        Denise Lyman
                176 West 86th Street
                Apt. 6C
                New York, NY 10024